| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION

| In re: | CASE NO.:<br><br>CHAPTER: 11 |
|---|---|
| | **INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.  All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

### Article I
### Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan.  These claims shall be treated as follows:

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

A.    Professional Fees.  Professional fees may only be paid upon application to and approval by the court.  The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

B.    Other Administrative Claims.  The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

C.    Tax Claims.  The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with _____% interest in equal amortized payments in accordance with § 511.   Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the  entry of the order for relief.[3]

D.    Involuntary Gap Period Claims pursuant to § 507(a)(3).  The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

## Article II
## Classification and Treatment of Claims

**Classes 1(a)-(e):  Priority Claims**.

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated as follows (*Check each box that applies*):

☐    Debtor has no creditors in Class 1

☐    Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(b):  Wage and commission claims entitled to priority under § 507(a)(4).  The Debtor proposes to pay each claim in Class 1(b) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5).  The Debtor proposes to pay each claim in Class 1(c) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

---

1    Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
2    Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
3    Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C)  IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of __% and maturity on _____.  This treatment is at least as favorable as that received by Class 6(b)."
4    This treatment is required by § 1129(a)(9)(A).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(e): Consumer deposit claims entitled to priority under § 507(a)(7). The Debtor proposes to pay each claim in Class 1(e) in full over _____ years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.   SEE ATTACHMENT TO PLAN

**Class 2: Secured claims on Debtor's principal residence.**

A.   Unimpaired secured claims on Debtor's principal residence. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a):  Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

Class 2(b):  Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

B.   Impaired secured claims on Debtor's principal residence. These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan. The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments). The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c):  Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Amount of arrearages: $_____
Total amount of allowed claim as of _____:
☐ Monthly ☐ quarterly Cure Payment amount: $ _____
☐ Monthly ☐ quarterly Regular Payment amount: $ _____
Total ☐ monthly ☐ quarterly payments: $ _____
Total amount of payments (over time) to satisfy the secured claim: $_____
Interest rate (to compensate creditor because claim is paid over time): _____%
First payment date: _____

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                Page 3                                **F 2081-1.PLAN**

Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $_____
Final payment date: _____
Monthly payments will be due on the first day of the month.

Class 2(d): Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Amount of arrearages: $_____
Total amount of allowed claim as of: _____
☐ Monthly ☐ quarterly Cure Payment amount: $ _____
☐ Monthly ☐ quarterly Regular Payment amount: $_____
Total ☐ monthly ☐ quarterly payments: $_____
Total amount of payments (over time) to satisfy the secured claim: $ _____
Interest rate (to compensate creditor because claim is paid over time): _____%
First payment date: _____
Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $ _____
Final payment date: _____
Monthly payments will be due on the first day of the month.

## Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a): Secured claim of: _____
Description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

Class 3(b): Secured claim of: _____
Description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor: ☐ not later than Effective Date      ☐ by (*date*):_____

Class 4(a):  Secured claim of: _____
             Description of collateral: _____
Class 4(b):  Secured claim of: _____
             Description of collateral: _____

**Class 5: Impaired secured claims**

The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The secured portion of the following impaired class(es) shall be paid as set forth below. The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a):  Secured claim of: _____    SEE ATTACHMENT TO PLAN
             Property address or description of collateral: _____
             Priority of lien: _____
             Amount of arrearages: $_____
             Total amount of allowed claim as of: _____
             ☐ monthly ☐ quarterly Cure Payment amount: $_____
             ☐ monthly ☐ quarterly Regular Payment amount: $_____
             Total ☐ monthly ☐ quarterly payments: $_____
             Total amount of payments (over time) to satisfy the secured claim: $_____
             Interest rate (to compensate creditor because claim is paid over time): _____%
             First payment date: _____
             Amount of each installment: $_____
             Frequency of payments: _____
             Total yearly payments: $_____
             Final payment date: _____
             Monthly payments will be due on the first day of the month.

Class 5(b):  Secured claim of: _____
             Property address or description of collateral: _____
             Priority of lien: _____
             Total amount of allowed secured claim as of: _____    SEE ATTACHMENT TO PLAN
             Total amount of payments (over time) to satisfy the secured claim: $_____
             Interest rate (to compensate creditor because claim is paid over time): _____
             First payment date: _____
             Amount of each installment: $_____
             Frequency of payments: _____
             Total yearly payments: $_____
             Final payment date: _____
             Monthly payments will be due on the first day of the month.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                Page 5                                **F 2081-1.PLAN**

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6:  General Unsecured Claims**.

☐     Class 6(a):  Smaller Unsecured Claims.  This class includes any allowed unsecured claim of $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____.  Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is unimpaired and not entitled to vote on the plan.

☐     Class 6(b):  Other General Unsecured Creditors.  This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority.  Each member of Class 6(b) shall be paid _____% of its claim over _____ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar ☐ month ☐ quarter, ☐ with interest at the rate of _____% per annum ☐ without interest starting on the first such date after the Effective Date.  If payments are not proposed as equal monthly installments, they will be paid as follows:  See EXB. A to Disclosure State.

This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article III
## Allowance and Disallowance of Claims

A.     Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.     Delayed Distribution on Disputed Claims.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.     Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $_____, in which case no court approval is necessary.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                      Page 6                                      **F 2081-1.PLAN**

**Article IV**
**Executory Contracts and Unexpired Leases**

A.    <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.    <u>Executory Contracts and Leases Rejected</u>.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

**Article V**
**Means of Implementation**

The Plan will be funded through (*Check each box that applies*):

a.    ☐    $_____ of cash available on the date of the Plan confirmation hearing;

b.    ☐    A sale of the following property (*describe*) _____
_____,
described in the Plan, which the Debtor estimates will produce $_____;

c.    ☐    additional cash from projected disposable income (projected to be $_____/month for the _____ year(s)[5] following confirmation); and/or

d.    ☐    other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

**Article VI**
**Discharge and Other Effects of Confirmation**

A.    <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B.    <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.    <u>Plan Creates New Obligations</u>.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.    <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:  (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E.    <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                    Page 7                                    **F 2081-1.PLAN**

may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either:  (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F.    <u>Retention of Jurisdiction</u>.  This court retains jurisdiction until all Plan payments have been made.

**Article VII**
**General Provisions**

A.    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B.    <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C.    <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D.    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E.    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F.    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G.    <u>Final Decree</u>.  Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered.   The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

H.    Miscellaneous Provisions: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_June 2011_                                    Page 8                                    **F 2081-1.PLAN**

I.    ☐    Addendum attached, see addendum.

Date: _____

By: _____
Signature of Debtor

Name: _____
Printed name of Debtor

Date: _____

By: _____
Signature of attorney for Debtor, if any

Name: _____
Printed name of attorney for Debtor, if any

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 9                                    **F 2081-1.PLAN**

I.   ☐   Addendum attached, see addendum.

Date: __0 4 - 1 2 - 1 3__

By: _____
    Signature of Debtor

Name: __DANILO A. LABID_____
       Printed name of Debtor

Date: __4-12-13_____

By: _____
    Signature of attorney for Debtor, if any

Name: __M. Jonathan Hayes_____
       Printed name of attorney for Debtor, if any

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT TO PLAN OF REORGANIZATION

### CLASS 1(e)

Claim of: Eduardo Barrientos; Nancy Friedman

| Tenant | Property | Monthly Rent | Lease Term | Deposit Amount |
|---|---|---|---|---|
| Eduardo Barrientos | Placentia | $2,400 | 1/2013-1/2015 | $2,400 |
| Nancy Friedman | Beaumont | $1,550 | 2/2012-2/2013 | $1,500 |
| Mimi Ross *(NO DEPOSIT PAID; for information only)* | Corona | $3,200 | 2/1/2013-2/1/2015 | $0 |

*Impaired Claim*

Treatment:

      The Debtor will reimburse each tenant their respective security deposit in the form of a credit for their last month's rent, when they give notice of their intent to vacate the premises. This is subject to an offset for required cleaning and/or maintenance, the difference for which tenant will be responsible.

---

### CLASS 5(a)

Secured claim of: HSBC Bank USA, N.A. and/or Select Portfolio Servicing, Inc. (hereinafter "HSBC/SPS")

*Impaired*

Property address or description of collateral: 2400 Simon Circle, Corona, CA 92879. This is the Debtor's residential rental property, valued by the Court at $420,000, by Order entered on February 11, 2013.

Priority of lien: First

Total amount of claim: $735,755 (per Proof of Claim)

Interest rate (to compensate creditor because claim is paid over time): 4.5%

## ATTACHMENT TO PLAN OF REORGANIZATION

<u>Monthly payment:</u> $2,129 (principal and interest), plus escrow payment of $981 (property taxes and insurance), for a total of $3,109.

<u>Treatment:</u>

HSBC/SPS filed its Notice of Election Pursuant to 11 U.S.C §1111(b) on December 20, 2012. Thereafter the Debtor and HSBC/SPS entered into a plan treatment stipulation resolving the claim in full, and resulting in a vote in favor of the Debtor's Plan. A true and correct copy of the Stipulation is attached hereto as **<u>Exhibit "A."</u>**

The key terms of the agreement are as follows:

- SPS's claim with regard to its first lien on the Simon Circle Property will remain fully secured and due in full upon the maturity date of December 1, 2036 ("maturity date").

- The loan will be repaid based on a principal balance of $420,000 with the remainder of the loan to be deferred and due as a balloon payment upon the maturity date.

- Debtor will pay an annual fixed interest rate of 4.5% which will be amortized over a 30 year period.

- Payments under this agreement will begin on April 1, 2013.

- All other terms of the Deed of Trust and Note will remain in full force and effect.

- SPS will continue to impound Debtor's account for taxes and insurance and Debtor is obligated to make their monthly escrow payment in addition to their principal and interest payment. Debtor understands that this amount may vary from year to year.

- SPS has relief from the automatic stay as to the Simon Circle Property upon confirmation of Debtor's Chapter 11 Plan.

## ATTACHMENT TO PLAN OF REORGANIZATION

### *CLASS 5(b)*

<u>Secured claim of:</u> Fannie Mae and/or Seterus, Inc.

*Impaired*

<u>Property address or description of collateral:</u> 1723 Desert Almond Way, Beaumont, CA 92223. This is the Debtor's residential rental property, valued by the Court at $200,000, by Order entered on December 10, 2012.

<u>Priority of lien:</u> First

<u>Total amount of claim:</u> $293,023

<u>Interest rate:</u> 5%

<u>Monthly payment:</u> $1,122 (principal and interest), plus escrow payment of $412 (property taxes and insurance), plus $70 (nonsegregated cash collateral tenant income) for a total of $1,604.

<u>First payment date:</u>   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be August 1, 2013.

<u>Treatment:</u>

Debtor and Seterus entered into a plan treatment stipulation resolving the claim in full, and resulting in a vote in favor of the Debtor's Plan. A true and correct copy of the Stipulation is attached hereto as **Exhibit "B."**

The Debtor will pay Seterus $208,922 (value of property plus postpetition escrow balance for property taxes), amortized at 5% over 30 years. In addition, the Debtor will pay Seterus $2,500, in equal monthly payments over 36 months, or $70 per month. This amount reflects tenant income received during the pendency of this case which were not segregated by the Debtor in a Debtor-in-Possession cash collateral bank account, and used by the Debtor.

The balance of the amount owed by the Debtor to Seterus on its Class 5(b) claim will be treated as unsecured and paid with the unsecured class.  No new loan documents will not be necessary, unless Seterus so requires.

## ATTACHMENT TO PLAN OF REORGANIZATION

### *CLASS 5(c)*

Secured claim of: OneWest Bank

*Impaired*

Property address or description of collateral: 320 South McCarron Street, Placentia, CA 92870. This is the Debtor's residential rental property, valued by the Court at $426,000, by Order entered on April 10, 2013.

Priority of lien: First

Total amount of claim: $373,751

Interest rate: 5%

Monthly payment: $2,007 (principal and interest), plus escrow payment of $400 (property taxes and insurance), for a total of $2,407.

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be August 1, 2013.

Treatment:

The Debtor will pay OneWest $206,739 (its total claim) amortized at 5%, over 30 years. In addition, the Debtor will pay OneWest $400 per month to be escrowed by the bank to cover property taxes and property insurance.

No new loan documents will not be necessary, unless OneWest so requires.

---

### *CLASS 5(d)*

Secured claim of: JP Concrete Pumping

*Impaired*

## ATTACHMENT TO PLAN OF REORGANIZATION

Property address or description of collateral: 2400 Simon Circle, Corona, CA 92879. This is the Debtor's residential rental property, valued by the Court at $420,000, by Order entered on February 11, 2013.

Priority of lien: Mechanics' lien

Total amount of claim: $220

Interest rate: 0%

Monthly payment: $0

Treatment:

The value of the Corona property is approximately $315,755 "under-water." As such, the mechanics' lien held by JP Concrete Pumping is fully unsecured. JP Concrete Pumping claim will be treated as unsecured and paid with the unsecured class.

---

### CLASS 5(e)

Secured claim of: Peraza Concrete Transport

*Impaired*

Property address or description of collateral: 2400 Simon Circle, Corona, CA 92879. This is the Debtor's residential rental property, valued by the Court at $420,000, by Order entered on February 11, 2013.

Priority of lien: Mechanics' lien

Total amount of claim: $1,600

Interest rate: 0%

Monthly payment: $0

Treatment:

The value of the Corona property is approximately $315,755 "under-water." As such, the mechanics' lien held by JP Concrete Pumping is fully unsecured. JP Concrete Pumping claim will be treated as unsecured and paid with the unsecured class.

---

**ATTACHMENT TO PLAN OF REORGANIZATION**

---

### CLASS 5(f)

Secured claim of: Mercedes-Benz Financial Services

*Impaired*

Property address or description of collateral: 2008 Mercedes-Benz GL550

Priority of lien: First

Total amount of claim:  $20,291

Treatment:  Debtor is the coborrower on this loan. His exwife is the true owner and she pays the car note and maintains the insurance, and will continue to do so until the loan is paid in full. Debtor has no involvement with this car.

---

### CLASS 6(b) UNSECURED CLASS

The Debtors' unsecured creditors total approximately $118,899. This includes the partially unsecured claim of Seterus' first priority lien on the Beaumont property, of $84,102, and the fully unsecured mechanics' liens held by JP Concrete and Peraza Concrete on the Corona property.

Upon entry of the discharge, Seterus' first priority lien on the Beaumont property shall be reduced to $208,922. The Order Granting Discharge shall include this language and may be recorded at the County Recorder's Office by the Debtor.

Upon entry of the discharge, JP Concrete and Peraza Concrete's mechanics' liens on the Corona property shall be removed. The Order Granting

6

## ATTACHMENT TO PLAN OF REORGANIZATION

Discharge shall include this language and may be recorded at the County Recorder's Office by the Debtor.

The unsecured creditors will be paid $18,000 ($20,000 total paid, 10% or $2,000 to the disbursing agent), over the 5 year plan. Each creditor in this class will have a pro rata share of the total paid by the Debtor to this class. See Exhibit "A" to the Disclosure Statement. The payments to the unsecured class will begin after 20 monthly payments to Debtor's counsel, of the same amount.

---

### *ARTICLE VII*
### GENERAL PROVISIONS

H. MISCELLANEOUS PROVISIONS

1. **Disbursing Agent**

Debbie Tyrell shall act as the disbursing agent for the purpose of making the distributions to Class 6(b) provided for under the Plan.  The Disbursing Agent shall receive 10% of the monthly payment as compensation.

Ms. Tyrell is a bookkeeper who has considerable experience helping Chapter 11 debtors with compliance, most particularly with Monthly Operating Reports.  Ms. Tyrell has performed the function of Disbursing Agent in other Chapter 11 cases.

a. **Establishment of Disbursing Agent**

The office of the "Disbursing Agent" shall be established upon the entry of an Order approving this Plan of Reorganization.  The Disbursing Agent shall:

**i.**      not be required to post a bond;

7

## ATTACHMENT TO PLAN OF REORGANIZATION

**ii.**          be entitled to recover from any funds received under the Plan on a monthly basis all direct and provable costs including, but not limited to such items as postage and supplies;

**iii.**          keep all funds received pursuant to the Plan in a segregated account at a bank of her choosing (the "Plan Account").

**iv.**          maintain a continuous accounting record of all receipts and disbursements, costs and expenses which will be available, upon reasonable written request, to any party in interest;

**v.**          except as otherwise provided, distribute all funds received under the Plan in the manner set forth in the Plan;

**vi.**          exercise reasonable diligence to locate any creditor if a distribution is returned or uncashed for an unusual period of time; and,

**vii.**          seek any Orders from the Bankruptcy Court necessary to enforce or implement the Plan.


## b.  **Identity of Disbursing Agent**

Debbie Tyrell shall act as the initial Disbursing Agent.  Should a Disbursing Agent become unwilling or unable to continue as Disbursing Agent, any party in interest may apply to the Court and seek the appointment of a successor Disbursing Agent.


## c.  **Liability of Disbursing Agent**

Any claim against the Disbursing Agent must be asserted only in the United States Bankruptcy Court for the Central District of California.

The Disbursing Agent shall have no personal liability for any claim or obligation other than one arising from fraud, willful misconduct, gross negligence, or any breach of fiduciary duty.

**ATTACHMENT TO PLAN OF REORGANIZATION**

**2.** **POSTCONFIRMATION EMPLOYMENT AND COMPENSATION OF REORGANIZED DEBTOR'S PROFESSIONALS**

After the Confirmation Date, the Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Postconfirmation Professionals") as he may desire to render services on such terms as he deems reasonable.  With respect to services rendered by the Postconfirmation Professionals, the Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

# EXHIBIT A

JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq. SBN 249195
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4810

Attorney for:
HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities
Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, its assignees
and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Danilo A Labid,<br><br>       Debtor. | ) Case No.  8:12-bk-20156-SC<br>)<br>) Chapter 11<br>)<br>)<br>) **STIPULATION ON PLAN TREATMENT**<br>) **FOR FIRST LIEN SECURED BY 2400**<br>) **SIMON CIRCLE, CORONA, CA 92879**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("SPS") and Debtor, Danilo A Labid, ("Debtor") by and through their attorney's of record now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 2400 Simon Circle, Corona, CA 92879.

## RECITALS

A.  On or about November 10, 2006, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $628,200.00 on the property commonly known as 2400 Simon Circle, Corona, CA 92879 ("Simon Circle Property").

B.  On or about August 26, 2012, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California.

C.  As of the date of filing of said bankruptcy case, the total amount of SPS's claim with regard to the Simon Circle Property was $735,754.18, as indicated Proof of Claim number 6 filed on or about December 13, 2012.

D.  The parties have conferred and agreed upon Chapter 11 plan treatment of SPS's first lien secured by the Simon Circle Property and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1.  SPS's claim with regard to its first lien on the Simon Circle Property will remain fully secured and due in full upon the maturity date of December 1, 2036 ("maturity date").

2.  The loan will be repaid based on a principal balance of $420,000 with the remainder of the loan to be deferred and due as a balloon payment upon the maturity date.

3.  Debtor will pay an annual fixed interest rate of 4.5% which will be amortized over a 30 year period.

4.  Payments under this agreement will begin on April 1, 2013.

5.  All other terms of the Deed of Trust and Note will remain in full force and effect.

6.  SPS has relief from the automatic stay as to the Simon Circle Property upon confirmation of Debtor's chapter 11 plan.

7.  SPS will continue to impound Debtor's account for taxes and insurance and Debtor is obligated to make their monthly escrow payment in addition to their principal and interest payment.  Debtor understands that this amount may vary from year to year.

8.  Payments shall be made directly to SPS at Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 1723, or as otherwise directed.

9.  Debtor agrees to sign a loan modification agreement, to be provided by SPS, based on the terms of this agreement and, if any terms of the loan modification agreement are conflicting with the terms of this stipulation, the loan modification agreement will control.

10. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 plan are conflicting with the terms of this stipulation, the stipulation terms, or modification terms in the event that the modification agreement has been executed and signed by Debtor, will control.

11. SPS agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation.

///
///
///
///
///
///
///
///
///
///

1    12. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11,

2       SPS's first lien shall remain a valid secured lien for the full amount due under the original

3       Promissory Note and all payments received under this agreement will be applied

4       contractually under the original terms of the Deed of Trust and original Promissory Note,

5       unless Debtor has signed an additional loan modification agreement permanently modify

6       the loan.

7

8    IT IS SO STIPULATED:

9

10   Dated: _____3/12/13_____

11                                M Jonathan Hayes, Esq.
                               Attorney for Debtor

12

13   Dated: _____3/13/13_____

14

15                                Kelly M. Raftery, Esq.
                               McCarthy & Holthus, LLP

16                                HSBC Bank USA, N.A., as Trustee on
                               behalf of the holders of Deutsche Bank Alt-

17                                A Securities Mortgage Loan Trust,
                               Mortgage Pass Through Certificates, Series

18                                2007-AR2, its assignees and/or successors,
                               by and through its servicing agent Select

19                                Portfolio Servicing, Inc.

20

21

22

23

24

25

26

27

28

29

# EXHIBIT B

1  WRIGHT, FINLAY & ZAK, LLP
   Nichole L. Glowin, Esq. SBN 262932
2  4665 MacArthur Court, Suite 280
   Newport Beach, CA  92660
3  Tel: (949) 477-5050; Fax: (949) 608-9142
   nglowin@wrightlegal.net
4

5  Attorneys' for Secured Creditor, FEDERAL NATIONAL MORTGAGE ASSOCIATION
   ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns
6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA- SANTA ANA DIVISION

10

11  In re:                   )  BK Case No: 8:12-bk-20156-SC
                        )
12                    )  Chapter: 11
   DANILO A. LABID,        )
13       Debtor.         )
                        )
14                   )  **STIPULATION RE: CHAPTER 11 PLAN**
                     )  **TREATMENT OF FEDERAL NATIONAL**
15                   )  **MORTGAGE ASSOCIATION ("FANNIE**
                   )  **MAE") CLAIM SECURED BY 1723**
16                   )  **DESERT ALMOND WAY, BEAUMONT,**
                   )  **CA 92223**
17                   )
                   )
18                   )  [No Hearing Required]
                   )
19                   )
  _____)
20

21      **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

22  **BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, THEIR**

23  **COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

24         Secured Creditor, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE

25  MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns ("FNMA"), by and through its

26  attorneys of record, Wright, Finlay & Zak, LLP, and Debtor, DANILO A. LABID ("Debtor"), by

27  and though his attorney of record, Roksana Moradi, Esq., of the Law Offices of Simon, Resnik

28  Hayes, LLP, collectively sometimes referred to herein as (the "Parties"), hereby enter into the

below stipulation to resolve and agree to the treatment of FNMA's claim, secured by the

property located at 1723 Desert Almond Way, Beaumont, CA 92223 under Debtor's proposed

Chapter 11 Plan of Reorganization.

<u>**RECITALS**</u>

1.      On or about June 8, 2006, Debtor, for valuable consideration, made, executed and

delivered a Note in favor of Pulte Mortgage, LLC ("Lender") secured by a first Deed of Trust in

the amount of $295,120.00 on the property commonly known as at 1723 Desert Almond Way,

Beaumont, CA 92223 ("Property").

2.      On or about August 28, 2012 all right, title and interest under the Note and Deed

of Trust was assigned by the Lender to secured creditor FNMA. FNMA is the current holder of

the Note and Deed of Trust secured by the Property.

3.      On or about August 26, 2012, Debtor filed a voluntary petition under Chapter 11

of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California,

Santa Ana Division, as Case No. 8:12-bk-20156-SC ("Bankruptcy Action").

4.      On or about October 25, 2012, FNMA filed a Proof of Claim in the Bankruptcy

Action, as Claim No. 5, indicating a secured claim on the Property in the amount of $293,022.28,

with $25,755.60 due in arrears.

5.      On or about November 6, 2012, Debtor filed a Motion to Value the Property for

purposes of Debtor's Chapter 11 Plan ("Motion to Value"). The Motion to Value was granted by

way of an Order entered on December 10, 2012 thereby valuing the Property and FNMA's

secured claim at $200,000.00.

6.      On or about December 4, 2012, FNMA filed a Motion for Relief from the

Automatic Stay ("Relief Motion") concerning the Property, as Debtor had failed to make his

post-petition payments under the Note and Deed of Trust. On January 23, 2013, the Court

entered an Interim Order on FNMA's Relief Motion ("Interim Order") which required the

Debtor to turn over all rents collected since the inception of the Bankruptcy Action and to begin

making timely monthly payments in the amount of $1,373.00. A continued hearing on the Relief

1    Motion has been set to allow the Parties to resolve their remaining issues in the Bankruptcy

2    Action.

3           7.      Debtor complied with the terms of the Interim Order; however, due to Debtor's

4    use of the rental income from the Property, the amounts provided to FNMA were $2,500.00

5    short. The Parties have agreed as to the $2,500.00 deficient amount and acknowledge that said

6    amount must be paid to FNMA.

7           8.      On or about February 26, 2013, Debtor filed a Motion for Cash Collateral to

8    obtain approval to use the monthly rent generated by the Property ("Cash Collateral Motion").

9    The Cash Collateral Motion was resolved by a Stipulation between the Parties wherein Debtor

10   agreed to make monthly payments to FNMA in the amount of $1,373.00, as required by the

11   Court's Interim Order on FNMA's Relief Motion.

12          9.      Since the filing of Debtor's petition in the Bankruptcy Action, FNMA has

13   advanced escrow payments for taxes and insurance on the Property on behalf of the Debtor in the

14   amount of $8,921.14. The Parties have agreed that the $8,921.14 amount should be added to

15   FNMA's secured claim and that their claim should be secured up to $208,921.14 ($200,000.00

16   secured claim + $208,921.14 taxes), with the remaining balance of $84,101.14 being treated as

17   unsecured debt.

18          10.     The Parties have conferred and agreed upon the following terms regarding the

19   Chapter 11 Plan treatment of FNMA's secured claim on the Property.

20                  **THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

21          1.      FNMA shall have a fully secured claim in the amount of $208,921.14 to be

22   amortized over thirty (30) years at 5.0% per annum (the "Secured Claim").

23          2.      FNMA shall have an unsecured claim in the amount of $84,101.14 (the

24   "Unsecured Claim"), which represents the balance owing on the Note above FNMA's Secured

25   Claim. FNMA shall receive, in full satisfaction of its Unsecured Claim, its pro rata share of the

26   dividend issued to general unsecured creditors.

27

28

3.      Debtor shall cure $2,500.00 in arrears due and owing to FNMA for post-petition rents collected, but not tendered to FNMA, in equal monthly installments over the life of the Plan.

4.      Debtor shall tender regular monthly principal and interest payments in the sum of $1,121.53, and regular monthly escrow payments for taxes and insurance on the Property in the sum of $411.45, for a total monthly payment of $1,532.98, to FNMA for their Secured Claim commencing August 1, 2013, to July 1, 2043, when all such outstanding amounts under the Secured Claim are due and payable in full. All payments made under this Stipulation will be credited to the outstanding balance due under FNMA's Secured Claim.

5.      Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment on FNMA's Secured Claim.

6.      In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, FNMA shall provide written notice via regular mail to Debtor and Debtor's counsel indicating the nature of the default. If Debtor fails to cure the default with certified funds after passage of fourteen (14) calendar days from the date said written notice is placed in the mail as reflected by the mail's postmark, then Creditor shall be entitled to file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing. All notices of breach shall be addressed to Debtor's Counsel as follows: Simon, Resnick Hayes, LLP, Attn: M. Jonathan Hayes, Esq. and Roksana Moradi, Esq., 15233 Ventura Blvd., Ste. 250, Sherman Oaks, CA 91403. All notices of breach shall be addressed to Debtor as follows: Danilo A. Labid, 111 E. Wakefield Ave. #4, Anaheim, CA 92802.

7.      The acceptance by FNMA of any late or partial payment shall not act as a waiver of FNMA's rights to proceed by motion hereunder.

8.      In the event that FNMA is granted relief from the automatic stay, the Parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.      At the request of FNMA, Debtor shall execute any such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim and to modify the terms of the obligation to conform with the provisions of this Stipulation.

10.      In the event that Debtor seeks to sell the Property prior to receiving his Chapter 11 discharge, FNMA shall retain all rights afforded to it under applicable state and federal law including 11 U.S.C. §§363 (f) & (k) and must approve any sale or refinance of the Property that proposes to pay it less than the outstanding balance owing on the unmodified Note and Deed of Trust.

11.      The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon, without the express written consent of FNMA. The terms of this Stipulation shall be incorporated into Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization and any confirmation orders thereon.

12.      In the event the Debtor's Bankruptcy Action is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, FNMA shall retain its lien in the full amount due under the Note, all terms of FNMA's claim shall revert to the original terms of the Note and Deed of Trust and the automatic stay shall be terminated without further notice, order, or proceeding of the Court.

///
///
///
///
///
///
///
///
///

1      13.      Upon approval of the Bankruptcy Court, and provided that Debtor incorporates

2   the terms of this Stipulation into his current or any subsequent Chapter 11 Plans of

3   Reorganization, FNMA will vote in favor of Debtor's Plan.

4          **IT IS SO STIPULATED:**

5                                                    WRIGHT, FINLAY & ZAK, LLP

6

7   Dated:  April 12, 2013                  By:  ____/s/  Nichole L. Glowin_____

8                                                    NICHOLE L. GLOWIN, ESQ.
                                                    Attorneys' for Secured Creditor, FEDERAL
9                                                    NATIONAL MORTGAGE ASSOCIATION
                                                    ("FANNE MAE"), Creditor c/o Seterus, Inc.,
10                                                   its successors and/or assigns

11                                                  SIMON RESNIK HAYES, LLP

12

13  Dated: April ___, 2013                 By:  ___SEE NEXT PAGE_____

14                                                   ROKSANA MORADI, ESQ.
                                                    Attorneys' for Debtor, DANILO A. LABID
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION RE CHAPTER 11 PLAN TREATMENT**

1    13.    Upon approval of the Bankruptcy Court, and provided that Debtor incorporates

2  the terms of this Stipulation into his current or any subsequent Chapter 11 Plans of

3  Reorganization, FNMA will vote in favor of Debtor's Plan.

4    **IT IS SO STIPULATED:**

5                                                      WRIGHT, FINLAY & ZAK, LLP

6

7  Dated: April 12, 2013

            By: ____/s/ Nichole L. Glowin____
8                                                      NICHOLE L. GLOWIN, ESQ.
                                                       Attorneys' for Secured Creditor, FEDERAL
9                                                      NATIONAL MORTGAGE ASSOCIATION
                                                       ("FANNE MAE"), Creditor c/o Seterus, Inc.,
10                                                     its successors and/or assigns

11

12                                                     SIMON RESNIK HAYES, LLP

13  Dated: April 15, 2013        By: _____

14                                                     ROKSANA MORADI, ESQ.
                                                       Attorneys' for Debtor, DANILO A. LABID
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION RE CHAPTER 11 PLAN TREATMENT**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.

A true and correct copy of the foregoing document entitled **INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **4/15/2013** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

- Brandon J Anand    brandon_anand@anandlaw.com
- Nichole Glowin    nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- Michael J Hauser    michael.hauser@usdoj.gov
- M Jonathan Hayes    jhayes@srhlawfirm.com,
  roksana@srhlawfirm.com;carolyn@srhlawfirm.com;eroberson@srhlawfirm.com;erin@srhlawfirm.com
- Kelly M Raftery    bknotice@mccarthyholthus.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Kristin A Zilberstein    bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com

**II.  SERVED BY U.S. MAIL:** On **4/15/2013** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**Hon. Scott C. Clarkson**
**US Bankruptcy Court**                              **Danilo A. Labid**
**Central District – Riverside Branch**              **111 E. Wakefield Ave.,#4**
**411 West Fourth Street, Suite 5130**              **Anaheim, CA 92802-4233**
**Santa Ana, CA 92701-4593**

**III.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **4/15/2013** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| <u>4/15/2013</u>    **Elizabeth Roberson** | **/s/ Elizabeth Roberson** |
|---|---|
| *Date*        *Type Name* | *Signature* |

**SIMON RESNIK**
**HAYES LLP**